MELCHIOR, ARMSTRONG, DESSAU COMPANY OF DELAWARE, INC., Plaintiff and Appellant, *v.* BANCO COMERCIAL DE PUERTO RICO ET AL., Defendants and Appellees.

No. 3652—Argued February 14, 1928.—Decided February 24, 1928.

*Menry G. Molina* and *Leopoldo Feliú* for the appellant. *Jaime Sifre Jr., Horacio Franceschi* and *Gabriel de la Haba* for the appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

We are asked to reconsider our ruling herein dismissing the appeal taken by the plaintiff (36 P.R.R. 82), and though this motion has been presented many months after its date, we will consider it in view of the concurring circumstances, since the appellant filed it immediately after the Circuit Court of Appeals dismissed the appeal taken therefrom.

It appears from the record that Central Bayaney of Arecibo created a first mortgage on some of its properties in favor of the Banco Comercial de Puerto Rico to secure the payment of $200,000, and subsequently created a second mortgage on the same properties to secure certain promissory notes made payable to the order of Melchior, Armstrong & Dessau amounting to $42,514.40.

The Banco Comercial de Puerto Rico brought an ordinary action of debt in the district court of Arecibo and a judgment in its favor was executed by a forced sale of the mortgaged properties which were sold to the said bank as the only bidder at the sale for the sum of $125,000 plus the taxes due by the defendant central, which sum did not cover the amount of the indebtedness. Later the bank sold the properties to Eduardo Giorgetti who mortgaged them to secure part of the purchase price.

At this stage Melchior, Armstrong, Dessau Co. of Delaware, Inc., sued the Banco Comercial de Puerto Rico and Eduardo Giorgetti, alleging that the unpaid mortgage notes issued by the Central Bayaney in favor of Melchior, Armstrong & Dessau, Inc., had been indorsed to it and applied for a public sale of the mortgaged properties in satisfaction thereof.

On a demurrer by the defendants alleging defect of parties defendant the district court ordered that the plaintiff make the Central Bayaney a party defendant and the complaint was amended accordingly with the insertion of an allegation in which it was stated that the Central Bayaney was in

bankruptcy, with Francisco García as receiver, and prayed that the Central Bayaney, the Banco Comercial de Puerto Rico and Eduardo Giorgetti should be adjudged to pay to the plaintiff the amount of its claim. Neither the Central Bayaney nor its receiver appeared and after their default was entered the case went to trial, at which the plaintiff amended the prayer of the complaint in order to demand judgment against the bank and against Giorgetti. This amendment was made without changing the title of the action, or the allegations as they appeared after the ruling on the demurrer by virtue of which the Central Bayaney was ordered to be made a party defendant; that is, that the prayer of the complaint was substantially the same as that of the original complaint.

The legal situation created by the ruling on the demurrer was that the Central Bayaney became in such a proceeding a party defendant with the same rights and duties as any other party. Under these circumstances we think that the plaintiff should not have failed to notify the Central Bayaney when taking its appeal, as the said central was legally a party directly interested in the proceedings.

The appellant alleges that as it was prosecuting an action of debt secured by mortgage it can bring its action against the present owners of the mortgaged properties without having to bring in the Central Bayaney which originally created the mortgage under which payment is claimed, because the mortgage is a real right affecting the mortgaged properties and follows them no matter who may be their owner. But as it appears from the record that the properties had been judicially sold in satisfaction of a mortgage prior to that of the plaintiff and that the price obtained at the sale did not cover the first mortgage, we are of the opinion that under such circumstances the Central Bayaney or its receiver has an interest herein and is an adverse party in this appeal, because as the plaintiff is trying to

collect its mortgage from the bank and from Giorgetti on the ground that in the action of the bank for the collection of the first mortgage no notice of the sale was given to the second creditor, the plaintiff herein, if for that reason or because, as alleged, the representative of the second mortgage creditor was present at the public sale, the bank and Giorgetti have not contracted the obligation to pay the second mortgage after the sale of the properties by the first mortgage creditor without covering his credit, then that obligation against the Central Bayaney can only be claimed from it, and therefore it has an interest in the determination of those questions by this court, thus becoming an adverse party in this appeal and therefore should have been notified thereof.

From the foregoing the motion to reconsider and set aside our ruling dismissing the appeal is overruled.